UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- X

MARCO CRIBILLERO,

                                                    **COMPLAINT**

                         Plaintiff,

             -against-

THE CITY OF NEW YORK; POLICE OFFICER MICHAEL FARINA, SHIELD NO: 3692; POLICE OFFICER LIZBETH MUNOZ, SHEILD NO: 11443; AND POLICE OFFICER SHAWN CARUSO, RESIGNED FORMERLY OF THE 110TH PRECINCT, the individual defendants sued individually and in their official capacities,

                                            **Jury Trial Demanded**
                        Defendants.

--------------------------------------------------------------------------- X

**PRELIMINARY STATEMENT**

1.    This is an action brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution to assert claims on behalf of Marco Cribillero, including but not limited to unreasonable force; denial of medical care; failure to intervene; implementation and continuation of an unlawful municipal policy, practice and/or custom; and conscious pain and suffering.

2.    During the incident, defendants City of New York, Police Officer Michael Farina, Shield No: 3692, Police Officer Lizbeth Munoz, Shield No: 11443 and Police Officer Shawn Caruso, Retired formerly of the 110th Precinct (collectively, "Defendants") used unreasonable force on the Plaintiff, assaulted the Plaintiff, battered the Plaintiff, denied the Plaintiff medical care, failed to intervene during the incident, causing the Plaintiff conscious pain and suffering without any basis, cause or justification.

3.	During the incident, Defendant City of New York and the NYPD, their agents, servants and/or employees, were careless and negligent in, among other things, their failure to properly train, monitor, manage and supervise their police officers in the use of police tactics, and use of force causing the Plaintiff serious injuries.

4.	Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by the Plaintiff by unlawfully stopping individuals solely on the basis of race, by using unreasonable force on individuals solely on the basis of race, and by demonstrating deliberate indifference to the Plaintiff's constitutional rights by failing to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retaining and utilizing them despite being aware and on notice that the individual defendants were likely to violate the Plaintiff's constitutional rights.

5.	Plaintiff seeks compensatory and punitive damages from the individual defendants, compensatory damages from Defendant City of New York, an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

6.	This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

7.	Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Queens County and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

8.  Plaintiff is a Latino of Peruvian decent and citizen of the United States, living in the neighborhood of Corona, County of Queens and State of New York, where there is a high concentration of Southern and Central Americans.

9.  Defendant City of New York is a municipal corporation duly organized, authorized and existing under and by virtue of the laws of the State of New York.

10. Defendant Police Officer Michael Farina, Shield No: 3692, is a duly appointed and acting police officer employed by the NYPD and assigned to Equipment Section.

11. Defendant Police Officer Lizbeth Munoz, Shield No: 11443 is a duly appointed and acting police officer employed by the NYPD and assigned to Warrant Section.

12. Police Officer Shawn Caruso, Resigned, was a duly appointed and acting police officer employed by the NYPD and upon information and belief, was assigned to the 110th Precinct at the time of the incident.

13. At all times relevant, the individual defendants were acting under color of state law and within the scope of their employment.

14. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

15. The incident occurred on June 3, 2012, at approximately 11:30 PM, while the Plaintiff was in the neighborhood of Corona in the borough of Queens, New York.

16. At the above time and location, Plaintiff was accompanying his father to the train station after leaving a baby shower Plaintiff hosted for his girlfriend.

17. The Plaintiff was walking his bike on one side of his body and walking with his father on the other side when the individual defendants approached Plaintiff and his father without cause, pursuant to a City of New York policy, practice and/or custom of

unlawfully profiling and confronting minority men on the street and asked Plaintiff to where he was going and to produce identification. Plaintiff responded that he was taking his father to the train station after leaving the baby shower and produced his identification.

18. Defendants Police Officers Michael Farina, Lizbeth Munoz and Shawn Caruso displayed aggressive behavior, which made the Plaintiff fearful and apprehensive.

19. Without cause or justification, Defendants Police Officers Michael Farina, Lizbeth Munoz and Shawn Caruso began striking Plaintiff in the face, body, arms, and legs with their batons, asps and fists knocking Plaintiff to the ground over his bike and in front of his father.

20. Defendants Police Officers Michael Farina, Lizbeth Munoz and Shawn Caruso did not have an objectively reasonable basis to strike the Plaintiff anywhere in his face or body and the force was not justified by the circumstances.

21. At no time did any of the individual defendants have a reasonable basis to fear for their safety or the safety of others.

22. At no time did any of the individual officers take the appropriate steps that could have avoided the harm inflicted and prevented the Plaintiff from suffering from serious injuries and conscious pain and suffering.

23. At no time did any of the individual defendants intervene and stop any of the other defendants from striking Plaintiff in the face, head, or body causing Plaintiff to fall over his bike and sustain serious injuries and conscious pain and suffering.

24. At no time did any of the individual defendants offer Plaintiff medical assistance or seek medical assistance on Plaintiff's behalf and instead left Plaintiff on the sidewalk

corner, bleeding and with bruises to his face, head and body. Plaintiff was compelled to seek assistance from family members upon making it back to the baby shower's location to be taken to the emergency room at New York Hospital Medical Center of Queens.

25. The use of force employed was excessive and unwarranted.

26. The Plaintiff perceived the threat of physical harm and suffering to his face, head and body.

27. The Plaintiff suffered and experienced pain and fear for a significant amount of time after he was assaulted and battered by the individual defendants.

28. Defendants Police Officers Michael Farina, Lizbeth Munoz and Shawn Caruso ignored the Plaintiff's signs, symptoms, complaints, and cries for help and assistance.

29. Instead of administering medical aid to the decedent, the individual defendants handcuffed the Plaintiff with his hands behind his back, as the Plaintiff lay on the ground bleeding and conscious of his pain.

30. Instead of administering medical aid to the Plaintiff and while observing the Plaintiff's pleas the individual defendants performed a warrant search to see if Plaintiff had any open warrants.

31. Instead of administering medical aid to the Plaintiff, the individual defendants while observing the Plaintiff laying on the ground bleeding and in conscious pain, focused only on the safety of the individual police officers at the scene, which was without justification, and ignored the paramount need to have the Plaintiff taken to a hospital immediately.

32. The individual defendants failed to call emergency services to the scene of the incident.

33. The individual defendants failed to appreciate the significance of the Plaintiff's signs, symptoms and complaints, and pleas for help and assistance, causing and/or allowing the Plaintiff's pain and suffering.

34. The individual defendants failed to exercise the degree of skill, care and diligence to which the Plaintiff was entitled.

35. Upon discovering that the Plaintiff had no open warrant, the individual defendants removed the handcuffs from the Plaintiff's wrists and left him laying on sidewalk.

35. The individual defendants failed to comply with the rules and regulations promulgated by the NYPD regarding the use of force and providing medical care to injured persons.

36. At all times defendant City of New York, by the NYPD and their agents, servants and/or employees, carelessly, negligently and recklessly trained the individual defendants for the position of police officers.

37. The aforesaid events are not an isolated incident.

38. Defendant City of New York is aware from its own observations, and from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board that many of the NYPD's officers, Police Officers Michael Farina, Lizbeth Munoz and Shawn Caruso are insufficiently trained on the proper way to use force and provide emergency medical care to injured persons.

39. Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights.

40. Despite such notice, City of New York has failed to take corrective action.

6

41.     Further, Defendant City of New York was aware prior to the incident that many of the NYPD's officers, including Police Officers Michael Farina, Lizbeth Munoz and Shawn Caruso lack the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.

42.     Despite such notice, Defendant City of New York has retained these individual defendant police officers, and failed to adequately train and supervise them.

43.     At all times, Defendant City of New York, by the NYPD, and its agents, servants and/or employees, carelessly, negligently and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendant police officers.

44.     At all times, Defendant City of New York, by the NYPD, was aware prior the aforesaid incident that the individual defendant police officers involved in the use of excessive force against the Plaintiff were insufficiently trained and incompetent concerning providing medical and emergency care, but the City declined to take remedial action.

45.     The occurrence(s) and injuries sustained by the Plaintiff were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of the Defendants as set forth above, without provocation on the part of the Plaintiff contributing thereto.

46.     The individual defendants acted under pretense and color of state law.

47.     At all times relevant, the individual defendants were acting pursuant to their authority as NYPD employees.

48. As a result of Defendants' actions the Plaintiff suffered severe emotional distress, mental anguish, conscious pain and suffering, medical expenses and other personal and physical injuries.

49. The acts of Defendants police officers Michael Farina, Lizbeth Munoz and Shawn Caruso were willful, wanton, malicious and oppressive and were motivated solely by a desire to harm the Plaintiff without regard for his well-being and were based on a lack of concern and ill-will towards the Plaintiff. Such acts therefore warrant an award of punitive damages.

50. The Plaintiff is also entitled to receive punitive damages from the individual defendants because their actions were motivated by extreme recklessness and indifference to the Plaintiff's rights.

## FIRST CLAIM FOR RELIEF

*(For Unreasonable Force Against the City of New York, Police Officer Michael Farina, Police Officer Lizbeth Munoz and Police Officer Shawn Caruso)*

51. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

52. The individual defendants' use of force upon the Plaintiff was objectively unreasonable.

53. Accordingly, the defendants are liable for using unreasonable force pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution.

## SECOND CLAIM FOR RELIEF

*(For Denial Of Medical Care Against All Defendants)*

54. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

55. Defendants are liable to the Plaintiff because they ignored the Plaintiff's need for medical treatment for a serious physical injury, or delayed and interfered with such treatment, and the harm occasioned by such an act is redressable under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF

*(For Failure To Intervene Against All Defendants)*

56. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

57. Defendants had a reasonable opportunity to prevent the violations of the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments, but they failed to intervene.

58. Accordingly, Defendants are liable to the Plaintiff for failing to intervene to prevent the violation of the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

## FOURTH CLAIM FOR RELIEF

*(Monell Claim Against the City of New York)*

59. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

60. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by the Plaintiff by unlawfully stopping individuals solely on the basis of race, by using unreasonable force on individuals solely on the basis of race, and by demonstrating deliberate indifference to the Plaintiff's constitutional rights by failing to properly train, retrain, supervise, discipline, and monitor Defendants police officer Michael Farina, police officer Lizbeth Munoz and police

officer Shawn Caruso and improperly retaining and utilizing them despite being aware and on notice that they were likely to violate the Plaintiff's constitutional rights.

61. The existence of the aforesaid unconstitutional policy, practice and custom of profiling minorities may be inferred by the August 12, 2013 decision in *Floyd, et al. v. City of New York, et al.*, 08-cv-1034-SAS, finding that the NYPD had violated the rights of thousands of citizens with respect to the application of its "Stop and Frisk" policy.

62. Accordingly, the City of New York is liable to the Plaintiff for violating his constitutional rights under the Fourth and Fourteenth Amendments.

## FIFTH CLAIM FOR RELIEF

*(For Conscious Pain and Suffering Against All Defendants)*

63. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

64. Defendants police officer Michael Farina, police officer Lizbeth Munoz and police officer Shawn Caruso without just cause, or provocation, used excessive physical force against the Plaintiff.

65. As a result, the Plaintiff suffered and experienced severe emotional distress and conscious pain and suffering.

66. Defendants failed to timely respond to an emergency medical situation after having been notified of an emergency medical situation regarding the Plaintiff.

67. Accordingly, the Defendants are liable to the Plaintiff for conscious pain and suffering.

**WHEREFORE**, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

10

  a. Compensatory damages in an amount to be determined by a jury;

  b. Punitive damages in an amount to be determined by a jury;

  c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

  d. Such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
    May 30, 2015

                Dunlop & Associates, PC

                _____
                Victor A. Dunlop
                *Attorney for Plaintiff*
                198A Rogers Avenue
                Brooklyn, New York 11225
                (718) 403-9261 Telephone
                (614) 455-9261 Facsimile