UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARCO CRIBILLERO,

                                                Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL FARINA, SHIELD NO: 3692; POLICE
OFFICER LIZBETH MUNOZ, SHIELD NO: 11443; AND
POLICE OFFICER SHAWN CARUSO, RESIGNED
FORMERLY OF THE 110TH PRECINCT, the individual
defendants sued individually and in their official capacities,

                                                Defendants.

**ANSWER TO THE COMPLAINT**

15-CV-03199 (RRM) (PK)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants City of New York, Michael Farina, and Lizbeth Munoz, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated.

        2.     Deny the allegations set forth in paragraph "2" of the complaint.

        3.     Deny the allegations set forth in paragraph "3" of the complaint.

        4.     Deny the allegations set forth in paragraph "4" of the complaint.

        5.     State that the allegations set forth in paragraph "5" of the complaint are not averments of fact that require a response; to the extent a response may be required, deny all such allegations.

        6.     Deny the allegations set forth in paragraph "6" of the complaint, except admit that

plaintiff purports to invoke the jurisdiction of this court.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to base venue as stated herein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Admit the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except state that Michael Farina is employed by the City as a Police Officer.

11. Deny the allegations set forth in paragraph "11" of the complaint, except state that Lizbeth Munoz is employed by the City as a Police Officer.

12. Deny the allegations set forth in paragraph "12" of the complaint, except state that Shawn Caruso was employed by the City as a Police Officer.

13. State that the allegations set forth in paragraph "13" of the complaint are legal conclusions requiring no response; to the extent a response may be required, deny such allegations.

14. State that the allegations set forth in paragraph "14" of the complaint are not averments of fact that require a response.

15. Deny the allegations set forth in paragraph "15" of the complaint, except state that plaintiff was arrested on or about June 3, 2012.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. State that the allegations set forth in paragraph "46" of the complaint are legal conclusions requiring no response; to the extent a response may be required, deny such allegations.

47. State that the allegations set forth in paragraph "47" of the complaint are legal conclusions requiring no response; to the extent a response may be required, deny such allegations.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to paragraph "51" of the complaint, repeat and reallege each of the foregoing responses as though fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. In response to paragraph "54" of the complaint, repeat and reallege each of the foregoing responses as though fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to paragraph "56" of the complaint, repeat and reallege each of the foregoing responses as though fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. In response to paragraph "59" of the complaint, repeat and reallege each of the foregoing responses as though fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. In response to paragraph "63" of the complaint, repeat and reallege each of the foregoing responses as though fully set forth herein.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

## FIRST AFFIRMATIVE DEFENSE:

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants City, Farina, or Munoz.

## THIRD AFFIRMATIVE DEFENSE:

Plaintiff provoked any incident.

## FOURTH AFFIRMATIVE DEFENSE:

There was reasonable suspicion, probable cause, and/or exigent circumstances for

any alleged stop or search.

**FIFTH AFFIRMATIVE DEFENSE:**

Defendants City, Farina, and Munoz, and have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

**SIXTH AFFIRMATIVE DEFENSE:**

Defendants Farina and Munoz have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

**SEVENTH AFFIRMATIVE DEFENSE:**

Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

**EIGHTH AFFIRMATIVE DEFENSE:**

Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE:**

At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**TENTH AFFIRMATIVE DEFENSE:**

At all times relevant to the acts alleged in the complaint, defendants Farina and Munoz, and acted reasonably in the proper and lawful exercise of his discretion.

**ELEVENTH AFFIRMATIVE DEFENSE:**

Punitive damages cannot be assessed against defendant City of New York.

**TWELFTH AFFIRMATIVE DEFENSE:**

Plaintiff has failed to mitigate her alleged damages.

**WHEREFORE,** defendants City of New York, Michael Farina and Lizbeth Munoz request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 21, 2015

        ZACHARY W. CARTER
        Corporation Counsel of the
        City of New York
        *Attorney for Defendants City of New York,*
        *Michael Farina and Lizbeth Munoz*
        100 Church Street,
        New York, New York 10007
        (212) 356-2105

By:           /s/
        Matthew Stein
        Assistant Corporation Counsel

cc:     BY ECF
       Victor A. Dunlop, Esq.
       198A Rogers Avenue
       Brooklyn, NY 11225

15-CV-03199 (RRM) (PK)

| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
|---|
| MARCO CRIBILLERO,<br><br>                 Plaintiff,<br><br>       -against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER MICHAEL FARINA, SHIELD NO: 3692; POLICE OFFICER LIZBETH MUNOZ, SHIELD NO: 11443; AND POLICE OFFICER SHAWN CARUSO, RESIGNED FORMERLY OF THE 110TH PRECINCT, the individual defendants sued individually and in their official capacities,<br><br>                 Defendants. |
| **ANSWER TO THE COMPLAINT** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel:*<br>*Tel: 212-356-2105*<br>*Law Manager No. 2015-044789* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ......................December 21, 2015*<br><br>*..........................................Matthew E. Stein Esq.*<br><br>*Attorney for Defendants.........................................* |

- 8 -